# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2011

Lyle W. Cayce
Clerk

No. 10-40364
Summary Calendar

CAROLYN S. SAPP,

Plaintiff-Appellant,

v.

JOHN POTTER, POST MASTER GENERAL,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-00650

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sapp, plaintiff-appellant in this matter, appeals from the district court's dismissal of her Title VII employment discrimination claim for failure to exhaust administrative remedies, and from the district court's *sua sponte* denial of her 42 U.S.C. § 1981 discrimination claim. We AFFIRM.

---

[*]Pursuant to the 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-40364

## I. BACKGROUND AND PROCEDURAL HISTORY

In 2001, Ms. Sapp, plaintiff-appellant, stopped working for the Postmaster General (hereinafter Postal Service). She claimed that she was suffering from depression and a panic disorder, both of which were caused by a hostile working environment. Sapp has not returned to work since this time. Sapp asserts that her medical conditions qualify her as disabled. As such, she requested the Postal Service to accommodate her disability by moving her to a different position. Because the Postal Service did not have any available positions that complied with Sapp's limitations, the Postal Service placed her on leave without pay in 2002.

In late 2006, Sapp confirmed that her restrictions were still in place and requested again to be placed back on active status. She filed two Equal Employment Opportunity (EEO) grievances during this five year period. The Commission resolved both complaints against her, determining that she was not medically disabled and that the Postal Service was not required to comply with her stated restrictions. They also found that even if she were disabled, the Postal Service did not have any positions available that would conform her limitations. It is uncontested that she exhausted her administrative remedies in both of these grievance processes, and an appeal involving those claims is currently pending in the district court. Those claims are not the subject of this appeal.

Two incidents occurred in 2007 which instigated two more EEO complaints. First, the Postal Service notified her that it would be reducing its force. Second, the Postal Service proposed to lay her off for the stated reason that she had not been able to perform her duties for the past five years. The Postal Service later rescinded the second notification. Approximately six months later, however, the Postal Service informed her that the company was reducing its overall number of employees and that they were laying her off as part of the reduction-in-force.

No. 10-40364

Sapp filed her third EEO complaint (EEO3) shortly after being notified that she was being laid off and less than a week after she had filed her appeal of the first two grievances in the district court.  Later, Sapp filed a fourth EEO (EEO4) complaint that largely concerned the same facts as EEO3.  The basic allegations in the third and fourth EEO actions were that the Postal Service had not released her as part of its overall reduction-in-force, but rather that the Postal Service was retaliating against her for her prior two EEO grievances and it was discriminating on the basis of race, sex, and disability.  After the initiation of her third EEO complaint, Sapp also filed two Merit Systems Protection Board (MSPB) appeals concerning her termination.  Both were adjudicated against her for reasons inapplicable to the present appeal.

Sapp filed a lawsuit in the district court prior to filing the third and fourth EEO actions.  That complaint appealed the decision from the first two EEO actions, but also stated a cause of action based on the facts alleged in the third and fourth EEO claims.  Upon the Postal Service's motion, the district court dismissed the claims that were based on the facts alleged in the third and fourth EEO actions on the grounds that Sapp had not exhausted her administrative remedies at the time of filing the complaint, a requirement that must be met prior to bringing a complaint in the district court.  The district court also dismissed *sua sponte* an employment discrimination claim that Sapp had filed under 42 U.S.C. § 1981 on the grounds that Title VII is the exclusive remedy for discrimination actions brought by federal employees.

## II. DISCUSSION

This court reviews *de novo* a district court's determination of whether the exhaustion requirement applies or is satisfied.  *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).  The well-settled law of this circuit is that a public employee cannot proceed in a Title VII action until that employee has exhausted all

available administrative remedies.[1]  *Id.*  A necessary prerequisite to exhausting administrative remedies is having begun the administrative process.  *Id.* Because Sapp had not even filed the third and fourth EEO complaints at the time that she filed the complaint in the district court, Sapp's case cannot be permitted to proceed.

The district court correctly determined that Sapp's termination claims were not sufficiently within the scope of her prior EEO complaints to qualify for simultaneous consideration.  "This court interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco*, 448 F.3d at 789 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)); *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 274-75 (5th Cir. 2008) ("[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.").

As the district court emphasized, EEO1 and EEO2 relate solely to Sapp's contention that the Postal Service failed to accommodate the restrictions imposed by her alleged medical disability.  EEO3 and EEO4 relate to her being wrongfully terminated as a result of her medical disability.  Merely because both sets of facts involve the same alleged motive does not mean that the third and fourth EEO complaints were within the scope of the first two investigations.  The

---

[1]There is currently a disagreement in this circuit concerning whether the exhaustion of administrative remedies requirement is a prerequisite to bringing suit or whether it deprives the district court of subject-matter jurisdiction.  *See Pacheco*, 448 F.3d at 788 n.7 (discussing the disagreement between various Fifth Circuit panels).  The practical difference between the two alternative interpretations is that equitable remedies such as estoppel and waiver are available for instances involving a failure to meet a prerequisite to filing a complaint; they are not available, however, to alleviate the district court's lack of subject-matter jurisdiction.  We decline to address this disagreement because the facts of this case do not implicate any of the equitable doctrines of relief.

No. 10-40364

first two investigations were already concluded at the time Sapp's employment was terminated. A person cannot reasonably expect a concluded investigation to include an event that has not yet occurred.

Sapp also contends for the first time on appeal that her retaliation claim falls within the *Gupta* exception to the exhaustion requirement. Sapp misunderstands the import of our precedent. The *Gupta* exception allows a plaintiff to proceed in district court on an unexhausted retaliation claim if that claim is alleging retaliation for properly bringing an exhausted claim before the district court. *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981).[2] Because the *Gupta* exception is premised on avoiding procedural technicalities, it has only been applied to retaliation claims alone. *Scott v. Univ. of Miss.*, 148 F.3d 493, 514 (5th Cir. 1998), *overruled on other grounds*, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000). Sapp requests this court not only to apply the *Gupta* exception, but to extend it to include claims in which both retaliation and discrimination are alleged. *See Gupta*, 654 F.2d at 414 (creating exception for a claim involving only retaliation "growing out of an earlier charge," not a retaliation and discrimination claim simultaneously alleged). This, the court declines to do. Permitting simultaneous proceedings for the same inciting event would "thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain*, 519 F.3d at 273.

Sapp's remaining arguments are without merit. She argues that the district court improperly dismissed her 42 U.S.C. § 1981 employment discrimination claim. Sapp's conclusory statement goes against the clear weight of precedent. In *Rowe*, this court reaffirmed that "it is well-settled that the

---

[2]Some circuits have since held that the Supreme Court's *Morgan* decision abolished or narrowed the *Gupta* exception. *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (abolishing *Gupta* exception); *Wedow v. City of Kansas City*, 442 F.3d 661, 672-76 (8th Cir. 2006) (narrowing the exhaustion requirement); *Weber v. Battista*, 494 F.3d 179, 182-84 (D.C. Cir. 2007) (discussing other circuits' treatment of the issue). We need not address the potential abolition of the *Gupta* exception because the facts of this case do not support the exception's application.

provisions of Title VII of the Civil Rights Act applicable to claims of racial discrimination in federal employment are the exclusive and preemptive remedy for such claims." *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992) (quoting *Hampton v. IRS*, 913 F.2d 180, 183 (5th Cir. 1990). This is true even where a plaintiff brings a § 1981 claim based on the same set of facts as the Title VII claim. *See Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) ("[Because [T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees . . . [plaintiff's] allegations of constitutional violations . . . are preempted by [T]itle VII and cannot afford an independent ground of relief.") (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976)). Because Sapp fails to present any reason to deviate from such clear precedent, the district court's dismissal of Sapp's § 1981 claim is affirmed.

She also contests the district court's alleged denial of her summary judgment motion. Sapp filed her motion for summary judgment two weeks after the district court had rendered partial final judgment dispensing with the claims based on the facts alleged in EEO3 and EEO4. Sapp appealed the district court's order before the district court had ruled on her motion for summary judgment. The district court then granted a stay in the proceedings due to the present appeal. As such, the district court never ruled on Sapp's motion. It is a logical necessity that this court cannot reverse a ruling that has not yet been made.

Moreover, she did not include the un-ruled upon motion for summary judgment in her notice of appeal. "Where the appellant notices the appeal of a specified judgment only or a part thereof . . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *Warfield v. Fid. & Deposit Co.*, 904 F.2d 322, 325 (5th Cir. 1990) (quoting *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981) (per curiam)); *see also* Fed. R. App. P. 3(c) (stating that the appellant's notice of appeal is required to "designate the judgment, order, or part thereof being appealed").

No. 10-40364

For the foregoing reasons, the judgment of the district court is AFFIRMED.