ACCEPTED
08-15-00099-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
11/13/2015 4:27:13 PM
DENISE PACHECO
CLERK

## NO. 08-15-00099-CV

_____

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
11/13/2015 4:27:13 PM
DENISE PACHECO
Clerk

# IN THE EIGHTH COURT OF APPEALS
# EL PASO, TEXAS

_____

## SOUTHWEST CONVENIENCE STORES, LLC.
### Appellant
### v.
## NORA MORA
### Appellee

_____

## On Appeal from the County Court at Law No. Six
## of El Paso County, Texas

_____

## APPELLEE'S BRIEF IN RESPONSE TO BRIEF OF APPELLANT

_____

Enrique Chavez, Jr.
State Bar No. 24001873
Miguel Hernandez
State Bar No. 24090161
CHAVEZ LAW FIRM
2101 N. Stanton Street
El Paso, Texas 79902

APPELLEE REQUESTS ORAL ARGUMENT

1

**TABLE OF CONTENTS**

PAGE

Table of Contents…………………………………………….. 2

Index of Authorities…………………………………………….. 4

Statement of Oral Argument…………………………………….. 7

Summary of the Argument…………………………………….. 7

Argument……………………………………………………. 9

    Standard of Review……………………………………. 9

    The trial court has jurisdiction over Appellee Mora's hostile work environment sex discrimination claim (1) precisely because sexual harassment is a type of sex discrimination, (2) Appellee Mora's Charge of Discrimination expressly states she was discriminated against on the basis of "sex," and (3) had the EEOC actually conducted an investigation, her claims of sexual harassment at the hands of her immediate supervisor could reasonably have been expected to grow out of the EEOC's investigation of her Charge wherein she makes a sex-based claim and of being "harassed"…………………………. 10

    Appellee Mora exhausted her administrative remedies as to her retaliation claim — in the form of her supervisor terminating her employment two months after having filed her Charge of Discrimination — as the retaliatory conduct grew out of the earlier-filed Charge…………………………………………… 18

Prayer…………………………………………………….. 22

Certification……………………………………………..… 23

Certificate of Compliance……………………………………. 24

Certificate of Service………………………………………. 25

**Appendix**

**TAB 1**     **Plaintiff's Charge of Discrimination**

**TAB 2**     **Plaintiff's Original Petition**

**TAB 3**     **Plaintiff's First Amended Petition**

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE**

*ATI Enters., Inc. v. Din,* 413 S.W.3d 247
(Tex.App.-Dallas 2013, no pet.)…………………………………… 19

*Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317
(Tex. App.—Texarkana 2008, pet. denied)…………………….. 11, 12

*Cooper v. Wal-Mart Transp., LLC,* 662 F. Supp. 2d 757
(S.D. Tex. 2009)…………………………………………………… 19, 20

*County of Travis ex rel. Hamilton v. Manion,*
No. 03-11-00533-CV, 2012 WL 1839399
(Tex. App.-Austin May 17, 2012, no pet.) (mem. op.)…….…… 11, 15

*Elgaghil v. Tarrant Cnty. Junior Coll.,* 45 S.W.3d 133
(Tex.App.-Fort Worth 2000, pet. denied)……………………….. 12, 19

*Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447 (5th Cir. 1983)….. 15

*Fine v. GAF Chemical Corp.,* 995 F.2d 576 (5th Cir. 1993)……… 12, 15, 16

*Garcia v. Kubosh,* 377 S.W.3d 89
(Tex.App.-Houston [1st Dist.] 2012, no pet.)………………………… 9

*Gupta v. East Texas State Univ.*,
654 F.2d 411 (5th Cir. 1981)…………………………….. 16, 18, 19, 20

*Hoffmann–La Roche Inc. v. Zeltwanger,* 144 S.W.3d 438 (Tex. 2004)…. 11

*Jones v. Calvert Grp., Ltd.,* 551 F.3d 297 (4th Cir. 2009)……………….. 21

*Lopez v. Tex. State Univ.*, 368 S.W.3d 695
(Tex. App.-Austin 2012, pet. denied)………………….. 10, 12, 14, 17

*Martinez v. Potter,* 347 F.3d 1208 (10th Cir. 2003)………………….. 21

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)…………… 21

4

*Pacheco v. Mineta,* 448 F.3d 783 (5th Cir. 2006)…………….. 10, 11, 14, 16

*Preston v. Texas Dep't of Family & Protective Servs.*,
222 Fed. Appx. 353 (5th Cir. 2007)…………………………….. 12

*San Antonio Water System v. Odem,*
No. 04-07-00130-CV, 2007 WL 2376147
(Tex.App.-San Antonio, August 22, 2007)……………..……. 19, 20

*Sapp v. Potter,* 413 F. App'x 750 (5th Cir. 2011)………………………. 20

*Scott v. Univ. of Mississippi*, 148 F.3d 493 (5th Cir. 1998)…………… 20, 21

*Simmons-Myers v. Caesars Entm't Corp.*,
515 F. App'x 269 (5th Cir. 2013)………………………………… 20, 21

*Tarrant Reg'l Water Dist. v. Villanueva,* 331 S.W.3d 125
(Tex. App.—Fort Worth 2010, pet. denied)………………………. 11

*Tex. Dep't of Parks & Wildlife v. Miranda*
133 S.W.3d 217 (Tex. 2004)………………………………………… 9, 10

*Tex. Natural Res. Conservation Comm'n v. IT-Davy,*
74 S.W.3d 849 (Tex. 2002)…………………………………………….. 9

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440 (Tex.1993)….. 9

*Thomas v. Clayton Williams Energy, Inc.,* 2 S.W.3d 734
(Tex.App.-Houston [14th Dist.] 1999, no pet.)……………………… 19

*Twigland Fashions, Ltd. v. Miller,* 335 S.W.3d 209
(Tex. App.-Austin 2010, no pet.)………………………………… 12, 13

*Wedow v. City of Kan. City, Mo.,* 442 F.3d 661 (8th Cir. 2006)………….. 21

**RECORD REFERENCES**

The following record references will be used in Appellee's Brief:

Clerk's Record………………………………………………………CR_____

**STATEMENT OF ORAL ARGUMENT**

Appellee respectfully requests oral argument to further the proper disposition of the instant case by this honorable court.

**SUMMARY OF THE ARGUMENT**

The trial court has jurisdiction over Appellee Mora's sexual harassment, hostile work environment sex discrimination claim (1) precisely because sexual harassment *is* a type of sex discrimination, (2) Appellee Mora's Charge of Discrimination expressly states she was discriminated against on the basis of "sex," and (3) had the EEOC actually conducted an investigation, her claims of sexual harassment at the hands of her immediate supervisor could reasonably have been expected to grow out of the EEOC's investigation of her Charge wherein she makes a sex-based claim and of being "harassed." The trial court also has jurisdiction over Appellee Mora's retaliation claim because current black-letter law precludes the creation of additional procedural technicalities in the instance where retaliatory conduct giving rise to a retaliation claim grows out of a claimant's earlier-filed charge of discrimination. In the case at bar, and in conformity with current black-letter law, Appellee Mora exhausted all administrative prerequisites to filing suit for retaliation precisely because the retaliatory

termination of employment she complains of grows out of her earlier filed Charge of Discrimination.

## ARGUMENT

### Standard of Review

Whether a trial court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)(*citing Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002). When a plea to the jurisdiction challenges the pleadings, whether the pleader has alleged facts affirmatively demonstrating a trial court's subject matter jurisdiction is a question of law reviewed *de novo. Id*. (*citing Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). *The pleadings are construed liberally in favor of the pleader, looking to the pleader's intent. Id*. (*see also Garcia v. Kubosh,* 377 S.W.3d 89, 95 (Tex.App.-Houston [1st Dist.] 2012, no pet.) (emphasis added).

Evidence is not necessary to resolve a plea to the jurisdiction when the plaintiff's petition either affirmatively demonstrates the court's jurisdiction, affirmatively negates the court's jurisdiction, or is insufficient to determine jurisdiction but does not affirmatively demonstrate incurable defects in the petition so that it could be amended to bring the cause within the court's jurisdiction. *Id*. at 226-27. When determining if the pleader, i.e. Appellee Mora in the instant case, has pled sufficiently to invoke the court's

9

jurisdiction, the court reviews such pleadings liberally in favor of the pleader and looks to determine the pleader's intent. *Id*. at 226.

***The trial court has jurisdiction over Appellee Mora's hostile work environment sex discrimination claim (1) precisely because sexual harassment is a type of sex discrimination, (2) Appellee Mora's Charge of Discrimination expressly states she was discriminated against on the basis of "sex," and (3) had the EEOC actually conducted an investigation, her claims of sexual harassment at the hands of her immediate supervisor could reasonably have been expected to grow out of the EEOC's investigation of her Charge wherein she makes a sex-based claim and of being "harassed."***

Because Appellant erroneously attempts to lead this court into error by ignoring half of the established test for determining the scope of a charge of discrimination for jurisdictional purposes, its analysis and, therefore, conclusion that Appellee Mora did not exhaust her administrative remedies as to her sexual harassment claim are wrong. It is well settled that courts, in determining what claims are encompassed within the scope of a charge, look not only to the factual statement, or narrative portion, of the charge, but also must look outside the four corners of the charge to ***include* those claims which could <u>reasonably be expected to grow out of</u> the Equal Employment Opportunity Commission's ("EEOC") investigation of the claims stated in the charge**. *Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 701 (Tex. App.-Austin 2012, pet. denied) (citing

*Pacheco v. Mineta,* 448 F.3d 783, 789 (5th Cir. 2006).[1] In addition, trial courts do well to liberally construe EEOC complaints because, as explained in *Lopez*, "EEOC complaints should be liberally construed," and in so explaining rejected the employer's argument that liberal construction should apply solely to *pro se* plaintiffs. *Id*. It further explained that under Title VII "no one should be boxed out." *Id*. at 702.

Courts must construe charges liberally as most are filed by "persons unfamiliar with the technicalities of formal pleadings." *County of Travis ex rel. Hamilton v. Manion,* No. 03-11-00533-CV, 2012 WL 1839399, at *10 (Tex. App.-Austin May 17, 2012, no pet.) (mem. op.); *see also Pacheco*, 448 F.3d at 788 (because provisions of Title VII not designed for the sophisticated, and because most complaints are initiated *pro se*, scope of EEOC complaints should be liberally construed). As long as a charge contains "an adequate factual basis so that it puts the employer on notice of the *existence* and *nature* of the charges," it is sufficient for a court to hold that the charging party has exhausted her administrative remedies as to those claims. *Id*. (*quoting Bartosh v. Sam Houston State Univ.*, 259 S.W.3d

---

[1] As Chapter 21 of the Texas Labor Code (the TCHRA) is modeled after federal law, "federal case law may be cited as authority in cases relating to the Texas Act." *Tarrant Reg'l Water Dist. v. Villanueva,* 331 S.W.3d 125, 129-30 n.3, 134 (Tex. App.—Fort Worth 2010, pet. denied) (*citing Hoffmann–La Roche Inc. v. Zeltwanger,* 144 S.W.3d 438, 445-46 (Tex. 2004)).

317, 321 (Tex. App.—Texarkana 2008, pet. denied) (emphasis added); *see also Preston v. Texas Dep't of Family & Protective Servs.,* 222 Fed. Appx. 353, 356 (5th Cir. 2007) (per curiam); *Lopez,* 368 S.W.3d at 701 ("The purposes underlying the administrative-complaint requirement include giving the charged party notice of the claim, narrowing the issues for speedier and more effective adjudication and decision, and giving the administrative agency and the employer an opportunity to resolve the dispute."). Accordingly, a plaintiff's subsequent lawsuit "may raise only the specific issue[s] made in the employee's administrative complaint and '***any kind of discrimination like or related to the charge's allegations***.'" *Elgaghil v. Tarrant Cnty. Junior Coll.,* 45 S.W.3d 133, 141 (Tex.App.-Fort Worth 2000, pet. denied) (*quoting Fine v. GAF Chemical Corp.,* 995 F.2d 576, 578 (5th Cir. 1993) (emphasis added)).

Appellee Mora's Charge gives Appellant notice of the *nature* of the claims that *existed* at the time she filed her Charge on December 22, 2011, i.e., sex discrimination in the form of hostile work environment sexual harassment. *See Twigland Fashions, Ltd. v. Miller,* 335 S.W.3d 206, 210 (Tex. App.-Austin 2010, no pet.). Firstly, Appellant had actual notice that Appellee Mora was discriminated against on the basis of her sex as she

12

explicitly indicated that sex served as the basis of her discrimination by *only* checking the box reading "sex" on her Charge under the section in which the claimant indicates on what grounds — e.g. religion, age, sex — she believes she has been discriminated against. CR 164. Secondly, in the narrative portion of Appellee Mora's Charge, she unequivocally states that she was harassed by her supervisor. CR 164. That factual statement reads, in part, "On or about October 30, 2011, I told my supervisor, Danny Silva, male, that starting February 2012 I was going to be stepping down from manager to clerk. Immediately after I told Mr. Silva about my intentions to step down, he began harassing and intimidating me about everything." CR 164. As hostile work environment sexual harassment is a cognizable theory of sex discrimination, any subsequent EEOC investigation into the allegations raised in Appellee Mora's Charge would have involved whether Appellee Mora was harassed on the basis of her sex *in any manner*. *Twigland*, 335 S.W.3d at 210 (hostile work environment a theory of gender discrimination through sexual harassment). Indeed, the scope of a charge includes "claims that were included in the administrative charge of discrimination *and to factually related claims that could reasonably be*

***expected to grow out of the agency's investigation of the claims stated in the charge***." *Lopez*, 368 S.W.3d at 701 (emphasis added).

Appellant implies that, in the context of Appellee Mora's full factual statement in its entirety, any subsequent EEOC investigation into the allegations raised in Appellee Mora's Charge would not have reasonably led to the discovery of her supervisor's sexual harassment from 2009 to 2012. Appellant's approach would erroneously limit this court to looking only to the narrative portion of a claimant's charge in determining what causes of action fall within the full scope of the charge for purposes of establishing those claims a claimant may bring in a subsequent lawsuit. Naturally, we now see that Appellant gets to its false conclusion by ignoring the elephant in the room; i.e. the subsequent investigation which could reasonably grow out of the liberal construction which courts must give the entire charge of discrimination. *Lopez*, 368 S.W.3d at 701; *Pacheco*, 448 F. 3d at 778. Courts look to not merely the factual statement of the charge in its entirety, but rather to the full charge in its entirety as such includes the section in which the claimant indicates the nature of her claim. The protected category, the kind of discrimination she alleges. *See Pacheco*, 448 F.3d at 789 (courts look beyond the four corners of the claimant's

14

factual statement within the charge); *see also Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983) (Title VII causes of actions limited **only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination**); *Fine,* 995 at 578 (same).

Appellee Mora expressly alleged that she was discriminated against on the basis of her sex as "sex" was the only box she checked as to the basis for the discrimination she experienced. CR 164. Appellee Mora additionally states, in her factual statement, that she was harassed by her supervisor. CR 164. That Appellee Mora does not detail the nature of the harassment does not preclude her from bringing a hostile work environment sexual harassment claim as such an allegation would "***reasonably be expected*** to grow out of the initial charge[] of discrimination" in which she states she was "harassed" in her Charge of Discrimination. *Fine*, 995 F.2d at 578 (emphasis added); *compare with Manion*, 2012 WL 1839399, at *12-14 (charge did not encompass gender discrimination/hostile work environment sex discrimination claim as only the retaliation box was checked on the charge and nothing in the narrative portion of the charge served to put defendant on notice that plaintiff

15

intended to complain of discriminatory conduct based on sex). Nor does established authority require Appellee to be more sophisticated or sophisticated enough to plead her Charge like a lawyer would. *Pacheco*, 448 F.3d at 788. Let us not forget that employees who are at the point of filing a charge are reeling from having lost their job, their livelihood, oftentimes their health insurance, and almost always the sole means by which they feed themselves and their children and keep a roof over their heads at night. The legal niceties and technicalities of legal pleading are fortunately, for all of us, not a concern the law burdens them with. *Id.* Indeed, were it otherwise, as Appellant misguidedly claims, the laws reliance on private lawsuits to achieve the goals of Title VII, *Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981), would be eviscerated because of legally unsophisticated pleading by legally unsophisticated claimants. This, intuitively, we now see that what Appellant proposes is for this court to depart radically from established legal precedent and to drastically alter the legal landscape for millions of employees in Texas.

Under current law, the factual statement found in Appellee Mora's First Amended Petition, her live pleading, is inextricably intertwined with the narrative portion of her Charge. *Fine,* 995 at 578. Appellee Mora's Charge

16

states that after she told her supervisor that she was stepping down from her position as a manager to a clerk, he issued three written warnings to her on false grounds in an attempt to terminate her. CR 164. The factual statement in the Charge is illuminated by the First Amended Petition, wherein Appellee Mora makes clear that the reason for her self-imposed demotion from Manager to Clerk was so that she could transfer stores in order for her to get away from the supervisor who was sexually harassing her. CR 16-20; CR 164. As the full picture of the hostile work environment Appellee Mora endured from 2009 to 2012 does not come to light from a reading of her Charge, but was in fact the extent of her suffering, such undoubtedly "could reasonably be expected to grow out of the [EEOC's] investigation of the claims stated in the charge" as the EEOC could have discovered the hostile work environment sexual harassment from what Appellee Mora wrote in the narrative portion of her charge and based on her indication that she was discriminated against on the basis of her sex. *Lopez*, 368 S.W.3d at 701. Such explains the otherwise nonsensical statement that Appellee Mora's supervisor began his attempts to get her terminated as a result of her self-imposed demotion from manager to clerk as Appellee Mora's intent, in demoting herself, was to be able to transfer

17

stores to get away from his severe and pervasive sexual harassment of her. Indeed, as shown *supra*, the law has left room for precisely this type of growth in understanding of the facts from the charge to the filing of the suit precisely because the law relies on private enforcement of the law by private litigants to achieve the goals of Title VII. *Gupta*, 654 F.2d at 414.

***Appellee Mora exhausted her administrative remedies as to her retaliation claim — in the form of her supervisor terminating her employment two months after having filed her Charge of Discrimination — as the retaliatory conduct grew out of the earlier-filed Charge.***

Appellant contends that Appellee Mora failed to exhaust her administrative remedies as to her claim of retaliation — in the form of being discharged for having filed her Charge — because she did not file a *second* charge of discrimination as to this conduct. The retaliatory conduct occurred two months after Appellee Mora filed her Charge, in February 2012, and involves Appellee Mora's supervisor ordering Appellee Mora to cash money orders for a store deposit and subsequently terminating her for having done so. CR 18-19, ¶¶ 19-22.

Contrary to Appellant's contention, Appellee Mora was not required to file a subsequent charge as the supervisor's conduct occurred after, and as a result of, the filing of her one and only Charge. Such is pursuant to the

18

holding in *Gupta*, wherein the Fifth Circuit created an exception to the exhaustion requirement for claims of retaliation over the filing of an EEOC charge. 654 F.2d 411. Specifically, the Fifth Circuit held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Id*. at 413. The court reasoned that "**[a]dditional EEOC filings based on events after a suit was filed 'would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII . . . especially since the EEOC relies largely upon the private lawsuit to obtain the goals of Title VII**.'" *Cooper v. Wal-Mart Transp., LLC,* 662 F. Supp. 2d 757, 774 (S.D. Tex. 2009) (*quoting Gupta*, 654 F.2d at 414). Texas Appellate Courts have adopted the *Gupta* exception and the underlying reasoning behind its creation. *See ATI Enters., Inc. v. Din,* 413 S.W.3d 247, 252 (Tex.App.-Dallas 2013, no pet.); *Elgaghil,* 45 S.W.3d at 141-42; *Thomas v. Clayton Williams Energy, Inc.,* 2 S.W.3d 734, 738 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *San Antonio*

*Water System v. Odem*, No. 04-07-00130-CV, 2007 WL 2376147 (Tex.App.-San Antonio, August 22, 2007).

From the onset of her suit, Appellee Mora raised her claim of retaliation based on her supervisor's conduct in her Original Petition, filed in September 2012. CR 9-14. As the supervisor's retaliatory conduct occurred after Appellee Mora filed her Charge in December 2011, Appellee Mora was not required to file a second charge as to the conduct, and the district court has ancillary jurisdiction over the retaliation claim. *Gupta*, 654 F.2d at 413; *Cooper*, 662 F. Supp. 2d at 774.

Appellant disingenuously asserts that the *Gupta* exception does not apply to cases in which the plaintiff alleges both discrimination and retaliation claims, citing to *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269 (5th Cir. 2013), *Scott v. Univ. of Mississippi*, 148 F.3d 493 (5th Cir. 1998), and *Sapp v. Potter,* 413 F. App'x 750 (5th Cir. 2011) in support. Yet nowhere in any of those cases does the Fifth Circuit hold that the *Gupta* exception does not apply in cases where both discrimination and retaliation claims are raised. Rather, the Fifth Circuit merely declines to do so as the plaintiffs in those cases wanted the court to apply the exception to *both* their retaliation and discrimination claims. *Simmons-Myers*, 515 F. App'x at

20

273-74; *Scott*, 148 F.3d at 514. The instant case is distinctly different from *Simmons-Myers*, *Scott*, and *Sapp* because Appellee Mora is not asking that the court apply the *Gupta* exception to her hostile work environment sex discrimination claim, but only to her retaliation claim. Accordingly, the Gupta exception is applicable to the instant case.

Appellant also attempts to mislead the court in arguing that the Supreme Court has abrogated or narrowed the *Gupta* exception with its holding in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Although the Tenth Circuit has held that the *Gupta* exception was abrogated by *Morgan* in *Martinez v. Potter,* 347 F.3d 1208, 1211 (10th Cir. 2003), several other Federal Circuit Courts have held that the exception survived the *Morgan* decision. *See, e.g., Jones v. Calvert Grp., Ltd.,* 551 F. 3d 297, 303 (4th Cir. 2009); *Wedow v. City of Kan. City, Mo.,* 442 F.3d 661, 672-76 (8th Cir. 2006). The Fifth Circuit has expressly declined to address the continued viability of the *Gupta* exception post-*Morgan. Simmons-Myers,* 515 F. App'x at 273 n. 1. **Gupta therefore remains the applicable law in the Fifth Circuit and in Texas state courts**. For all the foregoing reasons, the trial court has jurisdiction over Appellee Mora's claim of retaliation.

## PRAYER

For the above reasons, Appellee Nora Mora respectfully requests that this court affirm the trial court's order denying Appellant's Plea to the Jurisdiction.

## CERTIFICATION

I, Enrique Chavez, Jr., certify that I have reviewed the above Brief in Response to Brief of Appellant, and conclude that every factual statement in the Brief in Response is supported by competent evidence included in the Records filed by Appellant and Nora Mora.

Respectfully submitted,

Enrique Chavez, Jr.
State Bar No. 24001873
Miguel Hernandez
State Bar No. 24090161
CHAVEZ LAW FIRM
2101 N. Stanton Street
El Paso, Texas 79902
Phone: (915) 351-7772
Fax: (915) 351-7773

By: _____
Enrique Chavez, Jr.
Attorney for Nora Mora

23

**CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limitations of Tex. R. App. 9.4(i)(2)(B) because this response contains 3,191 words, excluding the parts of the response exempted by Tex. R. App. 9.4(i)(1).

_____
Enrique Chavez, Jr.

24

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the Texas Rules of Civil Procedure upon Mark D. Dore and Bruce A. Koehler, Mounce, Green, Myers, Safi, Paxson & Galatzan, P.O. Box 1977, El Paso, Texas 79999 on this 12th day of November, 2015.


_____
Enrique Chavez, Jr.

**APPENDIX**

**TAB 1**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA<br>☒ EEOC | 453-2012-00307 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Norma L. Mora | (915) 822-1269 | 07-11-1968 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 10401 Helican Pl, El Paso, TX 79924 RCVD EEOC ELPA DEC 22'11 AM 11:14 | | **COPY FOR YOUR INFORMATION** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| 7-ELEVEN / SOUTHWEST CONVIENENCE STORE | 500 or More | (915) 751-9826 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 4950 Hercules, El Paso, TX 79904 | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest **12-03-2011** Latest **Continuing**<br>☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. On or about October 30, 2011, I told my supervisor, Danny Silva, male, that starting February 2012 I was going to be stepping down from manager to clerk. Immediately after I told Mr. Silva about my intentions to step down, he began harassing and intimidating me about everything. From about December 03, 2011 to now, Mr. Silva has given me three written warnings without a legitimate reason. Mr. Silva's intentions are to get me discharged because of my sex, female.

II. No legitimate reasons are given.

III. I believe I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Norma Mora* |
| Dec 22, 2011 *Norma Mora*<br>Date　　　Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>12/22/11 |

164

**EXHIBIT A**

**APPENDIX**

**TAB 2**

| | | |
|---|---|---|
| NORMA MORA | § | NO.: |
|     Plaintiff, | § | **2013DCV3446** |
| v. | § | |
| | § | |
| SOUTHWEST CONVENIENCE | § | |
| STORES, L.L.C., SOUTHWEST | § | |
| CONVENIENCE STORES, INC., and | § | |
| SOUTHWEST CONVENIENCE STORES | § | |
| EL PASO, LLC. | § | |
|     Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff NORMA MORA ("Employee Mora") now files this Petition complaining of Southwest Convenience Stores, LLC., Southwest Convenience Stores, Inc., and Southwest Convenience Stores El Paso, LLC. ("Employer Southwest Convenience Stores") and respectfully shows as follows:

### I. Discovery

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. Parties

2. Norma Mora, is an individual residing in El Paso County, Texas.

3. Defendant Southwest Convenience Stores, L.L.C., may be served with process by serving their registered agent Sarah Campbell at 7616 LBJ Freeway, Ste. 300, Dallas, Texas 75251,

1

9

or wherever she may be found. Defendant is an employer within the meaning of the Texas Commission on Human Rights Act.

4. Defendant Southwest Convenience Stores, INC., may be served with process by serving their registered agent Glenn E. Galloway at 610 W. Lucas, Beaumont, Texas 77706, or wherever he may be found. Defendant is an employer within the meaning of the Texas Commission on Human Rights Act.

5. Defendant Southwest Convenience Stores El Paso LLC., may be served with process by serving their registered agent Corporation Service Company D/B/A CSC Lawyers Inc. at 701 Brazos Suite 1050, Austin, Texas 78701 or wherever they may be found. Defendant is an employer within the meaning of the Texas Commission on Human Rights Act.

### III. Venue

6. Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Norma Mora's claims occurred in El Paso, Texas.

### IV. Facts of the Case

7. Employers MUST prevent sex discrimination by supervisors in the workplace to protect the financial safety and emotional safety of all employees from harm.

8. Employers MUST prevent retaliation against employees who report sexual harassment by supervisors at work in order to protect the financial safety and emotional safety of all employees from harm.

9. Employers MUST never retaliate against employees who report complaints of sexual discrimination.

2

10

10. Employer Southwest Convenience Stores hired Employee Mora on or about February 2, 2002.

11. In 2007 Employer Southwest Convenience Stores promoted Employee Mora to a managerial position.

12. In late 2009, Employee Mora's supervisor Daniel Silva began making sexual advances towards Employee Mora.

13. Supervisor Silva frequently insulted Employee Mora for not yielding to his sexual advances and told Employee Mora that she was useless and that she was not pretty anymore whenever she would refuse his overtures.

14. Employer Southwest Convenience Stores was on notice of Supervisor Silva's conduct because Employee Mora made numerous complaints about Supervisor Silva's unwelcome sexual advances.

15. In late 2011 Employer Southwest Convenience Stores rejected Employee Mora's request for a lateral transfer to another store, a request motivated by Employee Mora's desire to be free from Supervisor Silva's sexual harassment.

16. Employer Southwest Convenience Stores told Employee Mora that she would have to demote herself in order to transfer to another store.

17. In October of 2011 Employer Southwest Convenience Stores was put on notice of Employee Mora's intent to transfer stores when she instructed Supervisor Silva that she was stepping down as a manager to resume a position as a clerk.

3

18. Supervisor Silva retaliated against Employee Mora for not yielding to sexual advances and for expressing her intent to transfer to another store by reprimanding Employee Mora on at least three occasions from December 11, 2011 to December 22, 2011.

19. On December 22, 2011, Employee Mora filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Employer Southwest Convenience Stores for sex discrimination and retaliation.

20. In February of 2012 Supervisor Silva ordered Employee Mora to cash money orders for a store deposit, as he ordered to do in the years he was her supervisor.

21. On or about February 27, 2012 Employer Southwest Convenience Stores terminated Employee Mora's employment for following Supervisor Silva's order to cash money orders for a store deposit.

22. Employee Mora was terminated because she refused to capitulate to Supervisor Silva's sexual advances, and in retaliation for protected activity under the law.

### V. Notice of Right to File a Civil Action

23. Attached, as Exhibit A to Plaintiff's Original Petition is the Notice of Right to File a Civil Action issued by the Texas Commission of Human Rights Act.

### VI. Harms and Losses

24. Plaintiff seeks back pay, lost wages in the past and future. Further, Plaintiff is entitled to compensatory damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future.

25. Additionally, Plaintiff is entitled to recover punitive damages against Defendant because Defendant acted with malice or, at least, with reckless and/or conscious indifference to Plaintiff's rights to be free from age discrimination and retaliation.

4

12

## VII. Attorney's Fees

26. Plaintiff is entitled to reasonable attorney's fees and reasonable expert fees as costs in prosecuting this lawsuit.

## VIII. Jury Demand

27. Plaintiff requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

## X. Request for Disclosure

28. Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose the information and material described in Rule 194.2(a)-(k).

5

13

## XI. Prayer

29. For these reasons, Employee Mora asks that Employer Southwest Convenience Stores be cited to appear and answer, and, on final trial, that Employee Mora have judgment against Employer Southwest Convenience Stores for the following:

a. General damages;

b. Special damages;

c. Punitive damages as determined by the jury;

d. Prejudgment interest as provided by law;

e. Attorney's fees and expert fees;

f. Post judgment interest as provided by law;

g. Court costs and all costs of suit;

h. Reinstatement;

i. Such other and further relief to which Employee Mora may be justly entitled to in law and equity.

Respectfully submitted,

CHAVEZ LAW FIRM
2101 Stanton Street
El Paso, Texas 79902
915/351-7772
915/351-7773 facsimile

By: _____

Enrique Chavez, Jr.
State Bar No. 24001873
Isaac A. Cordero
State Bar No. 24079791
Oscar A. Lara
State Bar No. 24078827
Felix Valenzuela
State Bar No. 24076745
Attorney for Plaintiff

6

14

**APPENDIX**

**TAB 3**

NORMA MORA, §
    Plaintiff, §
     §
     §
v. §     CAUSE NO.: 2013-DCV-3446
     §
SOUTHWEST CONVENIENCE §
STORES, L.L.C., §
    Defendant. §     JURY TRIAL DEMANDED

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE COURT:

Plaintiff NORMA MORA ("Employee Mora") now files this her First Amended Petition complaining of Southwest Convenience Stores, LLC. ("Employer Southwest Convenience Stores") and respectfully shows as follows:

### I. Discovery

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. Parties

2. Employee Mora is an individual residing in El Paso County, Texas.

3. Employer Southwest Convenience Stores, may be served with process by serving its registered agent, Sarah Campbell, at 7616 LBJ Freeway, Ste. 300, Dallas, Texas 75251, or wherever she may be found. Employer Southwest Convenience Stores is an employer within the meaning of the Texas Commission on Human Rights Act.

1

16

### III. Venue

4. Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Employee Mora's claims occurred in El Paso, Texas.

### IV. Facts of the Case

5. Employers MUST prevent sex discrimination by supervisors in the workplace to protect employees' financial and emotional safety.

6. Employers MUST prevent retaliation against employees who report sexual harassment by supervisors at work in order to protect employees' financial and emotional safety.

7. Employers MUST never retaliate against employees who report complaints of sexual discrimination.

10. Employer Southwest Convenience Stores hired Employee Mora on or about February 2, 2002.

11. In 2007, Employer Southwest Convenience Stores promoted Employee Mora to a managerial position.

12. In late 2009, Employee Mora's supervisor, Daniel Silva ("Supervisor Silva"), began making sexual advances toward Employee Mora.

13. Supervisor Silva frequently insulted Employee Mora for not yielding to his sexual advances and told Employee Mora that she was "useless" and that she "was not pretty anymore" whenever she would refuse his overtures.

2

17

14. Employer Southwest Convenience Stores was on notice of Supervisor Silva's conduct because Employee Mora made numerous complaints about Supervisor Silva's unwelcome sexual advances.

15. In late 2011, Employer Southwest Convenience Stores rejected Employee Mora's request for a lateral transfer to another store, a request motivated by Employee Mora's desire to be free from Supervisor Silva's sexual harassment.

16. Employer Southwest Convenience Stores told Employee Mora that she would have to demote herself in order to transfer to another store.

17. In October of 2011, Employer Southwest Convenience Stores was put on notice of Employee Mora's intent to transfer stores when she instructed Supervisor Silva that she was stepping down as a manager to resume a position as a clerk.

18. Supervisor Silva retaliated against Employee Mora for not yielding to sexual advances and for expressing her intent to transfer to another store by reprimanding Employee Mora on at least three occasions between December 11, 2011 to December 22, 2011.

19. On December 22, 2011, Employee Mora filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Employer Southwest Convenience Stores for sex discrimination and retaliation.

20. In February of 2012, Supervisor Silva ordered Employee Mora to cash money orders for a store deposit, as he ordered to do in the years he was her supervisor.

21. On or about February 27, 2012, Employer Southwest Convenience Stores terminated Employee Mora's employment for following Supervisor Silva's order to cash money orders for a store deposit.

18

22. Employee Mora was terminated because she refused to capitulate to Supervisor Silva's sexual advances, and in retaliation for protected activity under the law.

## V. Notice of Right to File a Civil Action

23. Attached, as Exhibit A to Employee Mora's First Amended Petition, is the Notice of Right to File a Civil Action issued by the Texas Commission of Human Rights Act.

## VI. Harms and Losses

24. Employee Mora seeks back pay, lost wages in the past and future. Employee Mora is also entitled to compensatory damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future.

25. Additionally, Employee Mora is entitled to recover punitive damages against Employer Southwest Convenience Stores because Employer Southwest Convenience Stores acted with malice or, at least, with reckless and/or conscious indifference to Employee Mora's rights to be free from sexual harrassment and retaliation.

## VII. Attorney's Fees

26. Employee Mora is entitled to reasonable attorney's fees and reasonable expert fees as costs in prosecuting this lawsuit.

## VIII. Jury Demand

27. Employee Mora requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

## IX. Request for Disclosure

28. Pursuant to Texas Rule of Civil Procedure 194, Employer Southwest Convenience Stores is requested to disclose the information and material described in Rule 194.2(a)-(k).

4

19

## X. Prayer

29. For these reasons, Employee Mora asks that Employer Southwest Convenience Stores be cited to appear and answer, and, on final trial, that Employee Mora have judgment against Employer Southwest Convenience Stores for the following:

a. General damages;

b. Special damages;

c. Punitive damages as determined by the jury;

d. Prejudgment interest as provided by law;

e. Attorney's fees and expert fees;

f. Post judgment interest as provided by law;

g. Court costs and all costs of suit;

h. Reinstatement;

i. Such other and further relief to which Employee Mora may be justly entitled to in law and equity.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
915/351-7772
915/351-7773 facsimile

By: _____

**Enrique Chavez, Jr.**
State Bar No. 24001873
**Isaac A. Cordero**
State Bar No. 24079791
**Oscar A. Lara**
State Bar No. 24078827
**Felix Valenzuela**
State Bar No. 24076745
Attorney for Plaintiff

5

20