# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11299

United States Court of Appeals
Fif h Circuit

**FILED**
December 1, 2017

Lyle W. Cayce
Clerk

KRISTIN PHILLIPS,

      Plaintiff - Appellant

v.

CARIS LIFE SCIENCES, INCORPORATED; MIRACA LIFE SCIENCES, INCORPORATED,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3042

Before STEWART, Chief Judge, and KING and JONES, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant Kristin Phillips ("Phillips") brought suit against Caris Life Sciences, Inc., and Miraca Life Sciences, Inc. (hereinafter "Caris"), alleging a hostile work environment, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Caris moved

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for summary judgment on Phillips's claims, which the district court granted. Phillips timely appealed. For the reasons that follow, we AFFIRM.

## I.    BACKGROUND

Phillips was employed with Caris as a sales director from March 2010 until her termination on November 7, 2011. Over the course of her employment with Caris, Phillips complained that she was sexually harassed by David Heddon ("Heddon"), a former co-worker. Specifically, in March 2010, shortly after she began working for Caris, Phillips alleges that Heddon licked her neck and ear while they shared a taxi cab. Several months later, on November 10, 2010, Phillips alleges that Heddon propositioned her while the two had drinks in Heddon's hotel room. In February 2011, Phillips alleges she became aware that Heddon was spreading rumors about a sexual relationship between Phillips and another co-worker.

Phillips alleges that she complained to her supervisor, Scott Grybeck ("Grybeck"), shortly after becoming aware of the rumors Heddon was allegedly spreading. In response to Phillips's complaint, Grybeck sent an email to his sales team, admonishing them for spreading rumors and warning that any additional reports of similar behavior would result in disciplinary action in the form of a write-up. Grybeck also subsequently arranged a lunch meeting between himself, Heddon and Phillips to "clear the air," after which Heddon apologized to Phillips and took responsibility for his action; Heddon did not make additional sexual advances towards or comments about Phillips.

Meanwhile, Phillips's sales productivity had begun to decline, and she consistently failed to complete required administrative tasks in a timely manner. Consequently, Caris placed Phillips on a performance improvement plan ("PIP") to remediate her drop in sales and failure to timely complete necessary administrative tasks. Feeling that her placement on the PIP was retaliation for her sexual harassment complaints, Phillips filed a charge of

No. 16-11299

discrimination with the EEOC on September 6, 2011. In her charge, Phillips alleged that she had been the victim of sexual harassment, which she reported to her supervisor, but was not investigated "until over three months later." She claimed that because she had complained, she "was retaliated against and put on a [PIP]," and that "the stress created by this discrimination" forced her to take a medical leave of absence. Principally, she alleged that she believed she had "been sexually harassed and . . . subjected to a hostile work environment." Because of work performance issues, Phillips was fired in November 2011.

On March 20, 2013, following her termination but while her EEOC investigation was still pending, Phillips's former counsel sent an email to the EEOC, informing it that "[Phillips] was in fact the victim of sexual harassment and to add insult to injury, she was subsequently terminated for making these complaints of sexual harassment and hostile work environment." Notably, Phillips did not formally supplement or amend her original charge of discrimination.

On August 25, 2014, after receiving her right-to-sue-letter,[1] Phillips sued Caris, alleging only sex discrimination based on her termination, a hostile work environment based on Heddon's sexual harassment, and retaliation based on a reduction of her sales territory in violation of Title VII. After extensive discovery, the district court granted Caris's motion for summary judgment, holding that (1) the March and November 2010 incidents of sexual harassment were not severe or pervasive enough to have altered the terms of Phillips's employment; (2) Phillips failed to exhaust the necessary administrative remedies related to her sex discrimination claim; and (3)

---

[1] Phillips received her right to sue letter on May 30, 2014, nearly two years and nine months after she submitted her EEOC charge. In her letter, the EEOC determined that, "based upon its investigation, [it] was unable to conclude that the information obtained establishe[d] violations of the statutes."

3

No. 16-11299

Phillips failed to exhaust the necessary administrative remedies related to her retaliation claim based on her reduction in sales territory and failed to properly plead her retaliation claim based on her placement on a PIP. Specifically, although Phillips alleged her termination constituted sex discrimination and retaliation in her complaint, she did not make that allegation in her EEOC charge. Additionally, although she alleged retaliation based on placement on a PIP in her EEOC charge, she did not make that claim in her complaint. Inversely, although she alleged her reduction in sales territory was retaliation in her complaint, she did not raise the allegation in her EEOC charge.

## II.    DISCUSSION

On appeal, Phillips raises a host of objections to the district court's summary judgment dismissal of her sex discrimination, hostile work environment, and retaliation claims. We review each issue of error de novo. *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 650 (5th Cir. 2004).

This court will affirm a district court's grant of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuinely disputed fact is only material when the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the district court, as well as this court, must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in her favor. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

Here, the district court dismissed most of Phillips's claims because of procedural defects. Alternatively, the district court noted Phillips's inability to

prevail on the merits of her individual claims and further supported its dismissal on those grounds. Because we find Phillips failed to administratively exhaust some of her claims and failed to properly plead others, we will not address whether Phillips's substantive arguments may survive summary judgment.

### A. Hostile Work Environment

On appeal, Phillips does not specifically challenge the district court's findings regarding her hostile work environment claim. That is, although Phillips's opening brief makes the conclusory statement that "[t]he harassment was severe and pervasive enough to alter the conditions of the [sic] Phillips'[s] employment and create an abusive work environment[,]" Phillips does not provide contentions, facts, legal citations, arguments, or analysis to allow the court to conclude that she is entitled to relief on this issue. *See* Fed. R. App. P. 28(a)(8)(A) (requiring the argument section of an appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies"); *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) (noting that "[f]ailure to adequately brief an issue on appeal constitutes waiver of that argument."). Because Phillips failed to adequately brief her hostile work environment claim with sufficient specificity on appeal, she has effectively abandoned the claim. *Id.*

### B. Sex Discrimination

Phillips next alleges that her employment was terminated because she is a female, and argues that the district court erroneously determined her sex discrimination claim failed on administrative exhaustion grounds and, alternatively, on the merits.

This court reviews de novo a district court's determination of whether the exhaustion requirement applies or is satisfied. *Pacheco v. Mineta,* 448 F.3d 783, 788 (5th Cir. 2006). "A Title VII suit may extend as far as, but not further

than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272 (5th Cir. 2013) (per curiam) (unpublished) (quotation marks omitted) (citing *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)). Further, after filing a charge, claimants may amend their initial charges to cure any "technical defects or omissions . . . or to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(b). Termination is a discrete event for which a claimant must file a supplemental charge or amend the original EEOC charge. *See Simmons-Myers*, 515 F. App'x at 273; *Fine*, 995 F.2d at 577–78.

It is undisputed that Phillips did not file a formal supplement or amendment to her September 26, 2011 EEOC charge following her termination on November 7, 2011. Phillips avers that the letter submitted to the EEOC by her former attorney, which noted that Phillips was the victim of sexual harassment and "was subsequently terminated for making . . . complaints of sexual harassment and hostile work environment," constituted a supplement to her then-pending charge. This purported supplement, she argues, brought her sex discrimination and retaliation claims stemming from her termination within the scope of the EEOC's investigation. This correspondence, however, does not include the allegation that Phillips was fired because she was a woman, but rather because she complained about sexual harassment. Thus, even assuming arguendo that the letter is a proper charge amendment, it does not include Phillips's sex discrimination claim, rendering the claim unexhausted.

Phillips also argues that, notwithstanding our finding on exhaustion, she may proceed on administratively unexhausted sex discrimination and retaliation claims stemming from her termination because of an exception to the exhaustion requirement articulated in *Gupta v. East Texas State University*, which allows a plaintiff to proceed in court on an unexhausted

retaliation claim if that claim grows out of the facts alleged in an earlier charge. 654 F.2d 411 (5th Cir. 1981). However, this court has repeatedly held that the *Gupta* exception only applies when the new claim is one of retaliation; *Gupta* does not apply to cases in which both retaliation and discrimination claims are alleged. *See Scott v. Univ. of Miss.*, 148 F.3d 493, 514 (5th Cir. 1998) (holding that *Gupta* "is limited to retaliation claims"), *abrogated on other grounds by Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000); *Simmons-Myers*, 515 F. App'x at 273–74 (5th Cir. 2013) (noting that "this court has not applied the *Gupta* exception to claims in which both retaliation and discrimination are alleged"); *Sapp v. Potter*, 413 F. App'x 750,752–53 (5th Cir. 2011) (per curiam) (unpublished) (same). Because Phillips brings both retaliation and discrimination claims stemming from her termination, the *Gupta* exception does not apply. We therefore conclude the district court did not err in dismissing these claims. *Roberson*, 373 F.3d at 650.

## C. Retaliation

Finally, Phillips argues that the district court erroneously dismissed her retaliation claims stemming from her placement on a PIP and her termination.[2] Assuming arguendo these retaliation claims were properly exhausted, Phillips's complaint is devoid of any mention of the discrete acts underlying her claims as potential bases for her lawsuit. Litigants may not flout the pleading requirements set out in Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Phillips completely failed to plead retaliation claims based on these events in her complaint.[3]

---

[2] Phillips's brief does not specifically challenge the district court's finding regarding her retaliation claims stemming from the alleged reduction in her sales territory.

[3] Phillips also argues, for the first time on appeal, that her retaliation claims stemming from her placement on a PIP and her termination were tried by the consent of the parties under Federal Rule of Civil Procedure 15(b)(2). Because this argument was not raised

No. 16-11299

Therefore, these claims were not properly before the district court and are not properly before this court. We conclude the district court did not err in dismissing these claims. *Roberson*, 373 F.3d at 650.

## III.   CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court in full.

---

before the district court, it is waived. *See, e.g., Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").