Opinion filed August 30, 2018



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00104-CV

_____

## CHRISTOPHER WERNERT, Appellant

## V.

## CITY OF DUBLIN, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CV-32924**

### O P I N I O N

This is an appeal from a summary judgment in an employment discrimination/retaliation case. Christopher Wernert sued his former employer, the City of Dublin, complaining of unlawful discrimination and retaliation under the Texas Commission on Human Rights Act ("TCHRA"). *See* TEX. LAB. CODE ANN. §§ 21.001–.556 (West 2015 & Supp. 2017). Wernert alleged that the City discriminated and retaliated against him because of his physical disability. The City filed a "Motion for Summary Judgment Asserting a Plea to the Jurisdiction." The

City alleged in the motion that Wernert failed to pursue requisite administrative remedies prior to filing suit. The City also asserted that Wernert failed to establish a prima facie case for his discrimination and retaliation claims. The trial court granted the City's motion for summary judgment without specifying the grounds upon which it was based. Wernert challenges the summary judgment in three issues. We affirm.

*Background Facts*

The City hired Wernert as a police officer in 2010. He suffered a serious knee injury on the job in February 2011 when he slipped and fell on an icy street while directing traffic. Wernert's treating physician determined that he suffered permanent impairment as a result of the injury. Wernert contends that his injury is continuing in nature and that it substantially limits his ability to run, jump, climb, lift heavy objects, kneel, and stoop. Additionally, Wernert took pain medication for his knee that prevented him from carrying a gun or driving while on duty.

Prior to the injury, Wernert performed both patrol duties and investigative duties. Upon his return to work after the injury, Wernert performed full-time investigative duties but no patrol duties because of his physical limitations. Wernert asserts that in January 2013, Police Chief Lannie Lee called him a "cripple." Wernert made a complaint to the City's human resources department about Chief Lee's statement. Wernert asserts that in February 2013, Chief Lee unilaterally changed Wernert's job duties to require him to perform patrol duties again. Wernert contends that his physical disabilities continued to prevent him from performing patrol duties at that time.

In May 2013, Wernert filed a "Charge of Discrimination" form with the Equal Employment Opportunity Commission (EEOC). For "Cause of Discrimination," Wernert checked boxes for "retaliation," "disability," and "other" which he designated as "Texas Labor Code." As for the "Date Discrimination Took Place,"

2

Wernert indicated that it began in January 2013. He did not list a date for "latest" with respect to the "Date Discrimination Took Place," but he checked a box for "continuing action." He alleged in the Charge that the City was discriminating against him because of his disability. The gist of Wernert's complaint in the Charge was that the City was discriminating and retaliating against him by requiring him to perform patrol duties when a physical disability prevented him from doing so and that the City was not going to promote him to the position of Chief of Police when the position would soon become open.

In July 2013, new Chief of Police Shawn Fullagar placed Wernert on involuntary leave, informing him that he needed to use his accumulated vacation and sick time. On September 13, 2013, Chief Fullagar sent a letter to Wernert advising him that he had used all of his accumulated leave time. The letter advised Wernert that, unless he could return to performing all of the essential functions and physical requirements of a police officer, he would be terminated effective September 20, 2013. Pursuant to the letter, the City terminated Wernert.

Wernert filed the underlying lawsuit on August 8, 2014. In his petition, Wernert alleged all of the factual matters that he had alleged in his Charge that he filed with the EEOC in May 2013. However, he alleged some additional matters in his petition, including events that occurred after he filed his Charge with the EEOC. Those additional matters included Chief Fullagar requiring him in July 2013 to use all of his accumulated leave and Chief Fullagar terminating him in September 2013. With respect to his claim for disability discrimination, Wernert alleged that the City violated Chapter 21 of the Texas Labor Code when it forced him to take leave and

3

terminated him.[1]  Wernert alleged these same two acts with respect to his retaliation claim.[2]

The City filed its motion for summary judgment on February 3, 2016. Because we find it to be dispositive, we direct our attention to the City's contention that Wernert failed to pursue available administrative remedies with respect to the City's actions of requiring him to use accumulated leave and terminating him.  The City alleged that these were discrete acts for which Wernert was jurisdictionally required to file an additional Charge of Discrimination.  There is no dispute that Wernert did not file an additional Charge of Discrimination after these acts occurred or that he attempted to amend his previous Charge of Discrimination to allege these subsequent events.  Wernert asserts that he was not required to file an additional

---

[1]Wernert pleaded his claim for disability discrimination as follows:

51.  The City violated Chapter 21 of the Texas Labor Code when it discriminated against and terminated Mr. Wernert because of his disability.

52.  The City is a governmental entity.

53. Mr. Wernert has a disability, which affects one or more major life activities.

54.  Mr. Wernert is able to perform the essential functions of his job.

55.  Mr. Wernert was discriminated against and suffered adverse actions because of his disability, including being forced to take leave and ultimately being terminated.

56.  Because of the actions of the Defendant, Plaintiff suffered damages within the jurisdictional limits of this Court.

[2]Wernert pleaded his claim for retaliation as follows:

59.  Defendant violated Chapter 21 of the Texas Labor Code when it forced Mr. Wernert to take leave and ultimately terminated [him] from the Department.

60.  The City is a local governmental entity.

61.  Mr. Wernert opposed disability discrimination when he complained about Mr. Lee's statements to [human resources].

62.  Mr. Wernert suffered adverse actions when he was forced to take leave from work and ultimately was terminated from the Department because of his complaint.

63.  Because of the actions of the Defendant, Plaintiff suffered damages within the jurisdictional limits of this Court.

4

Charge of Discrimination because his suspension and termination were directly related to his previous Charge of Discrimination.

*Analysis*

Governmental units, including cities, are immune from suit unless the state consents. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *see Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)). The TCHRA waives immunity when the plaintiff states a claim for conduct that violates the statute. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012) (citing TEX. LAB. CODE ANN. § 21.254). Additionally, before a plaintiff can maintain a suit for employment discrimination under the TCHRA, the plaintiff first must file a complaint of employment discrimination with the Texas Workforce Commission's civil rights division or with the EEOC. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 502–03 (Tex. 2012); *Harris Cty. Hosp. Dist. v. Parker*, 484 S.W.3d 182, 192–93 (Tex. App.—Houston [14th Dist.] 2015, no pet.); s*ee* LAB. § 21.201. The complaint "must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred." LAB. § 21.202(a).

Section 21.202's administrative filing requirement is "a mandatory statutory requirement that must be complied with before filing suit," and claims against governmental entities that are not timely filed are jurisdictionally barred. *Chatha*, 381 S.W.3d at 514 (citing TEX. GOV'T CODE ANN. § 311.034 (West 2013) ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.")). Accordingly, Wernert's compliance with the TCHRA's administrative filing requirement is a matter bearing on the City's immunity from suit. *See Chatha*, 381 S.W.3d at 514; *Parker*, 484 S.W.3d at 192–93.

Immunity from suit generally bars actions against governmental entities unless the legislature expressly consents to suit. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit deprives the courts of subject-matter jurisdiction and thus completely bars the plaintiff's claims. *Wichita Falls State Hosp.*, 106 S.W.3d at 696. Whether a court has subject-matter jurisdiction is a legal question that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Ector Cty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

Immunity from suit may be asserted through a plea to the jurisdiction or other procedural vehicle, including a motion for summary judgment. *Clar*k, 544 S.W.3d at 770 (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Id.* In this appeal, the City is challenging the existence of jurisdictional facts.[3] If the governmental unit challenges the existence of jurisdictional facts, we consider the relevant evidence submitted. *Miranda*, 133 S.W.3d at 227. The standard of review mirrors that of a traditional motion for summary judgment. *Clark*, 544 S.W.3d at 771 (citing *Miranda*, 133 S.W.3d at 225–26). If the governmental unit's evidence shows that the trial court lacks jurisdiction, then the plaintiff must show that there is a disputed material fact on the issue. *See Miranda*, 133 S.W.3d at 228. In determining whether a material fact issue exists, we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor. *Clark*, 544 S.W.3d at 771. If a fact issue exists, the trial court should deny the plea. *Garcia*, 372 S.W.3d

---

[3]We note that Wernert did not plead any jurisdictional facts with respect to his compliance with the TCHRA's administrative filing requirement.

at 635. But if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.*

The TCHRA "is a comprehensive fair employment practices act and remedial scheme, modeled after Title VII of the federal Civil Rights Act of 1964 (Title VII), that provides the framework for employment discrimination claims in Texas." *Chatha*, 381 S.W.3d at 502–03 (footnote omitted). "The TCHRA was 'enacted to address the specific evil of discrimination and retaliation in the workplace,' as well as to coordinate and conform with federal anti-discrimination and retaliation laws under Title VII." *Id.* at 504. Because the legislature intended for state law to correlate with federal law in employment discrimination cases, Texas courts have frequently looked to federal law for guidance. *See id.* at 505. As noted by the 5th Circuit in *McClain v. Lufkin Industries, Inc.*:

> Failure to exhaust [administrative remedies] is not a procedural 'gotcha' issue. It is a mainstay of proper enforcement of Title VII remedies. . . .
>
> . . . .
>
> Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation.

519 F.3d 264, 272–73 (5th Cir. 2008).

The City relies on *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), to assert that Wernert was required to file a subsequent administrative charge with the EEOC or the TWC after he was required to use his accumulated leave and after the City terminated him. The Supreme Court held in *Morgan* that each discrete incident of discrimination—such as termination, failure to promote, denial of transfer, or refusal to hire—and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment

7

practice. 536 U.S. at 114. Discrete discriminatory acts are not actionable if time-barred, and each discrete discriminatory act starts a new clock for filing charges alleging that act. *Id.* at 113. Thus, as was the case in *Parker*, if a plaintiff filed his first EEOC Charge on September 28, 2012, any claim regarding discrete discriminatory acts occurring before April 1, 2012 (180 days before the EEOC Charge was filed) would be untimely. *See Parker*, 484 S.W.3d at 193.

The City is relying on *Morgan* for a somewhat different purpose. Rather than trying to foreclose a claim for conduct occurring *prior* to the filing of the administrative claim, the City relies on *Morgan* to assert that Wernert had to file an additional administrative claim for acts occurring *after* the filing of the initial administrative claim. There is a recent law review article addressing the impact of *Morgan* on the requirement to file a subsequent or amended EEOC Charge for conduct occurring after the initial EEOC charge. Lawrence D. Rosenthal, *To File (Again) or Not to File (Again): The Post-Morgan Circuit Split Over the Duty to File an Amended or Second EEOC Charge for Claims of Post-Charge Employer Retaliation*, 66 Baylor L. Rev. 531 (2014). Rosenthal notes that some federal circuits have relied on *Morgan* to require either an additional or amended administrative claim for discrete discriminatory acts occurring after the initial charge. *Id.* at 553–60; *see Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 852 (8th Cir. 2012); *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (relying upon *Morgan* to hold that each incident of discrimination and each retaliatory employment decision constitutes a separate actionable unlawful employment practice for which administrative exhaustion is required for each act).

Rosenthal opined that the Fifth Circuit may be "heading in [the] direction" of the Eighth Circuit and the Tenth Circuit on this question. 66 Baylor L. Rev. at 552 n.156, 560–61. Rosenthal cited *Simmons-Myers v. Caesars Entertainment Corp.*, 515 F. App'x 269, 273 (5th Cir. 2013), for this proposition. *Id.* at 561. In *Simmons-*

8

*Myers*, the plaintiff filed an EEOC charge alleging she was the victim of gender discrimination. 515 F. App'x at 271. After filing the charge, the plaintiff's position was eliminated. *Id.* at 272. Despite losing her job, the plaintiff never filed another administrative charge. *Id.* Relying on *Morgan*, the court stated that the plaintiff's "termination was a separate employment event for which [the plaintiff] was required to file a supplemental claim, or at the very least, amend her original EEOC charge." *Id.* at 273.

We note that the opinion in *Simmons-Myers* is designated as unpublished and "not precedent" as per Rule 47.5.4 of the Fifth Circuit Rules. *But see* FED. R. APP. P. 32.1 (permitting citation to unpublished federal judicial opinions issued after January 1, 2007). However, the facts in *Simmons-Myers* are similar to the facts in this appeal. On issues of federal law, we are bound only by the decisions of the United States Supreme Court and the Texas Supreme Court. *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993). We may, however, look to decisions of other federal courts such as the Fifth Circuit for persuasive authority on federal questions. *Id.*; s*ee Pidgeon v. Turner*, 538 S.W.3d 73, 83 (Tex. 2017), *cert. denied*, 138 S. Ct. 505. Because of the analogous nature of *Simmons-Myers*, we believe that its analysis is relevant to this appeal.

The female plaintiff in *Simmons-Myers* filed an EEOC charge alleging gender discrimination based on the allegation that male co-workers had received preferential treatment. *Simmons-Myers*, 515 F. App'x 269 at 271. The employer subsequently terminated the plaintiff. *Id.* at 272. The plaintiff filed suit against the employer alleging gender discrimination as a basis for her post-charge termination as well as retaliation.[4] *Id.* Citing *Morgan*, the Fifth Circuit concluded that the

---

[4]The plaintiff in *Simmons-Myers* also alleged racial discrimination. The Fifth Circuit's treatment of the plaintiff's racial discrimination claim is not relevant to our analysis.

plaintiff in *Simmons-Myers* was required to either file a supplemental administrative charge or amend her original administrative charge even though she had alleged gender discrimination in her EEOC charge. *Id.* at 273.

In this appeal, the City required Wernert to use accumulated leave and terminated him after he filed his EEOC charge alleging discrimination based upon his physical disability. Like the plaintiff in *Simmons-Myers*, Wernert did not file a supplemental EEOC charge or amend his original EEOC charge after these discrete employment actions occurred. If the holding in *Simmons-Myers* were controlling, Wernert's failure to file either an amended or supplemental administrative charge would preclude his recovery under *Morgan*. For the reasons expressed in *Simmons-Myers*, we agree with the City's position that Wernert's claims are precluded because he did not file an administrative charge for these discrete acts that occurred after his previous EEOC charge. *See Martinez*, 347 F.3d at 1210 (cited by *Simmons-Myers*).

The court in *Simmons-Myers* cited its previous decision in *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981). Wernert cites *Gupta* as a basis for overturning the summary judgment. Some of our sister courts have recognized *Gupta* as creating an exception to the requirement to pursue administrative remedies for a retaliation claim arising out of a previously filed administrative charge. *See Metro. Transit Auth. of Harris Cty. v. Douglas*, 544 S.W.3d 486, 495–99 (Tex. App.—Houston [14th Dist.] 2018, pet. filed); *Parker*, 484 S.W.3d at 193, *Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 705 (Tex. App.—Austin 2012, pet. denied). Under *Gupta*, "there is an exception to the exhaustion requirement when a retaliation claim grows out of a previously filed EEOC charge." *Lopez*, 368 S.W.3d at 705. As noted in *Lopez*, some courts have questioned the viability of the *Gupta* exception after *Morgan*. 368 S.W.3d at 710 n.5 (citing *Sapp v. Potter*, 413 F. App'x 750, 752–53 n.2 (5th Cir. 2011)). And in *Simmons-Myers*, the court noted "that *Gupta* may

no longer be applicable after the Supreme Court's decision in *Morgan*." 515 F. App'x at 273 n.1.

The *Gupta* exception is not applicable to this appeal because Wernert is not just asserting a retaliation claim arising from his act of filing the EEOC claim. In this regard, a retaliation claim is related to, but distinct from, a discrimination claim, and one may be viable even when the other is not. *Clark*, 544 S.W.3d at 763. Unlike a discrimination claim, a retaliation claim focuses on the employer's response to an employee's protected activity, such as making a discrimination complaint. *Id.* at 763–64. Wernert did not assert a claim for retaliation arising from the filing of his EEOC claim. Instead, he based his retaliation claim on his act of complaining to the City's human resources department about Chief Lee's comment to him. Additionally, Wernert is also asserting a claim for discrimination. The Fifth Circuit noted in *Sapp* that the *Gupta* exception does not apply when the plaintiff asserts claims for both retaliation and discrimination. 413 F. App'x at 753. The court made the same determination in *Simmons-Myers*. 515 F. App'x at 273–74.

Wernert asserts that the EEOC investigation was pending at the time that the City required him to use his accumulated leave and at the time that the City terminated him. However, he does not cite any additional documents that he filed with the EEOC or an amended charge that he filed to administratively assert these two discrete, post-charge employment acts that are the basis of his lawsuit against the City. Under *Morgan*, Wernert was required to pursue administrative relief for each of these discrete acts even though they were related to the factual basis of his previous charge. *See Martinez*, 347 F.3d at 1210 ("[*Morgan*] has effected fundamental changes to the doctrine allowing administratively unexhausted claims in Title VII actions. . . . [S]uch unexhausted claims involving discrete employment actions are no longer viable. *Morgan* . . . [teaches] that each discrete incident of

11

such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."(citing *Morgan*, 536 U.S. at 110–13)).

The trial court did not err in granting the City's motion for summary judgment because Wernert did not pursue administrative relief for the two discrete employment acts for which he sought damages in the underlying action. We overrule Wernert's first issue. We do not reach Wernert's other appellate issues because our resolution of his first issue is dispositive of this appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


August 30, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[5]

Willson, J., not participating.

---

[5]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.