

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00011-CV
_____

LATISHA BUCHANAN, Appellant

V.

CITY OF BOGATA, Appellees

On Appeal from the 102nd District Court
Red River County, Texas
Trial Court No. CV05177

Before Stevens, C.J., van Cleef and Rambin, JJ.
Opinion by Chief Justice Stevens

# O P I N I O N

LaTisha Buchanan sued the City of Bogata (the City) for injuries she allegedly received when a vehicle operated by an employee of the City collided with a vehicle in which she was a passenger. In response to the lawsuit, the City filed a plea to the jurisdiction claiming it did not receive notice of Buchanan's claims in accordance with the Texas Tort Claims Act (TTCA) and was, therefore, immune from suit. The trial court agreed and granted the City's plea to the jurisdiction. Because we conclude that the City did not receive formal notice of Buchanan's claims and did not have actual notice of her claims, we affirm the trial court's order.

## I.      Factual and Procedural Background

In July 2020, City employee David Lee Kays was operating a vehicle on Bogata's 3rd NE Street while performing roadwork on behalf of the City. Kays's vehicle stopped in the roadway, backed up, and collided with a Jeep Cherokee operated by Krystal Lynn Swartz. Buchanan was a backseat passenger in the Cherokee at the time of the accident. Nothing in the record indicates that Buchanan was taken to the hospital by ambulance or otherwise following the accident.

Buchanan sued the City for injuries allegedly received in the accident. In response, the City filed a plea to the jurisdiction, claiming it was immune from suit because Buchanan failed to comply with the TTCA's notice requirements. The City attached the affidavit of Jennifer Boyd as an exhibit to its plea to the jurisdiction.[1] Boyd, the City secretary, testified in her affidavit that she made a "thorough search of the records of the City of Bogata and [had] not found any notice of a claim or injury by the Plaintiff, LaTisha Buchanan." The affidavit continued,

---

[1]The City also attached plaintiff's responses to the City's discovery requests as an exhibit to its plea to the jurisdiction.

2

Specifically, there is no notice of any damage or injury and no notice of a related incident by or on behalf of Plaintiff, LaTisha Buchanan, in the six (6) months following the alleged date of accident of July 15, 2020. In this regard, I have not found any notice letter by Plaintiff or any attorney or person representing her providing notice of a claim or injury to the City of Bogata, Texas.[2]

Buchanan's response to the City's plea to the jurisdiction tacitly acknowledged lack of compliance with Section 101.101(a) of the TTCA, but instead claimed that the City had actual notice under Section 101.101(c) of the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a), (c). Her response relied on the peace officer's crash report of the accident. According to the report, the vehicle driven by Kays backed into a Jeep Cherokee operated by Swartz, in which Buchanan was a backseat passenger. Although the report indicated that the crash resulted in at least $1,000.00 damage to any one person's property, it did not indicate that Buchanan, Swartz, or the vehicle's other two occupants were injured in the accident. In fact, the report indicated that none of the Cherokee's occupants—including Buchanan—were injured in the accident. The response also relied on the August 12, 2020, witness statement of Dee Wood.[3] Wood's statement indicated that two City employees were resurfacing the street when a driver of the City truck "bumped into the car immediately behind him." Wood's statement continued,

The car was much smaller than the truck and was very close to the bumper. The hazard lights of the city truck were turned on, and evidently the driver of the car either did not realize the truck was stopped and because the car was so close behind the truck, it would not have been visible from the rear view mirror.

---

[2]On appeal, Buchanan argues that, "[t]o the extent the City relied on Boyd's assertion that 'there is no notice,' this is a legal conclusion and, as a matter of law, 'not evidence.'" Because this complaint was not raised in the trial court, we do not consider it. *See* TEX. R. APP. P. 33.1. That said, we read Boyd's affidavit as addressing lack of notice pursuant to Section 101.101(a) of the TTCA. We do not read her affidavit as addressing actual notice pursuant to Section 101.101(c) of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a), (c).

[3]Buchanan also attached a copy of the City's initial disclosures in addition to an "August 7, 2020, acknowledgment letter (Texas Association of Counties)," "a November 9, 2020, Statutory Notice Letter to Red River County," a February 17, 2021, demand letter, a "March 23, 2021, Settlement Offer (Texas Association of Counties)," plaintiff's first supplemental responses to the City's request for production, and plaintiff's third amended petition.

3

Mr. Case [sic] immediately exited the vehicle and the police were summoned. The car drove off after that and honked at me as they sped down the street.

Following a hearing, the trial court found that Buchanan "failed to provide statutory notice to the City of Bogata." As a result, the trial court granted the City's plea to the jurisdiction and dismissed Buchanan's claims against the City.

## II. The Trial Court Did Not Err in Granting the City's Plea to the Jurisdiction

In her sole appellate issue, Buchanan claims that, because the City had actual knowledge of her claims, the trial court erred in granting the City's plea to the jurisdiction.

### A. Standard of Review

"Governmental units, including cities, are immune from suit unless the state consents." *Wernert v. City of Dublin*, 557 S.W.3d 868, 872 (Tex. App.—Eastland 2018, no pet.) (citing *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018)). "Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004) (plurality op.) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999) (per curiam)). "Whether a court has subject[-]matter jurisdiction is a question of law" that we review de novo. *Id.* at 226, 228 (citing *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)); *see Reyes v. Jefferson Cnty.*, 601 S.W.3d 795, 798 (Tex. 2020) (per curiam) ("Notice is a prerequisite to subject-matter jurisdiction under the TTCA, and as such, presents a question of law we review de novo.").

**B.      Notice of a Claim**

"To secure the TTCA's limited waiver of governmental immunity, claimants must timely

provide 'notice of a claim' to the governmental unit." *Reyes*, 601 S.W.3d at 797 (quoting TEX.

CIV. PRAC. & REM. CODE ANN. § 101.101); *see Worsdale v. City of Killeen*, 578 S.W.3d 57, 59

(Tex. 2019).  Section 101.101 of the TTCA states:

> (a)      A governmental unit is entitled to receive notice of a claim against it under
> this chapter not later than six months after the day that the incident giving rise to
> the claim occurred.  The notice must reasonably describe:
>
> > (1)      the damage or injury claimed;
> >
> > (2)      the time and place of the incident; and
> >
> > (3)      the incident.
>
> (b)      A city's charter and ordinance provisions requiring notice within a charter
> period permitted by law are ratified and approved.
>
> (c)      The notice requirements provided or ratified and approved by Subsections
> (a) and (b) do not apply if the governmental unit has actual notice that death has
> occurred, that the claimant has received some injury, or that the claimant's
> property has been damaged.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.101.  "Section 101.101 requires 'notice of a claim' to

include specific information, unless the governmental unit has 'actual notice that death has

occurred, that the claimant has received some injury, or that the claimant's property has been

damaged.'"  *Reyes*, 601 S.W.3d at 797 (quoting TEX. CIV. PRAC. & REM. CODE ANN.

§ 101.101(a), (c)).

"When a plaintiff sues a governmental entity, the plaintiff bears the burden to

affirmatively establish the trial court's jurisdiction by asserting a valid waiver of immunity."

*Cypress-Fairbanks Indep. Sch. Dist. v. Parra*, No. 01-22-00596-CV, 2023 WL 4003303, at *2

(Tex. App.—Houston [1st Dist.] June 15, 2023, no pet.) (mem. op.) (citing *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012)).[4] "When assessing a plea to the jurisdiction, our analysis begins with the live pleadings." *Heckman*, 369 S.W.3d at 150. Even so, we are "not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). "We must grant the plea to the jurisdiction if the plaintiff's pleadings affirmatively negate the existence of jurisdiction," *Heckman*, 369 S.W.3d at 150 (citing *Miranda*, 133 S.W.3d at 227), and also when "the defendant presents undisputed evidence that negates the existence of the court's jurisdiction, *id.* (citing *Miranda*, 133 S.W.3d at 226). In this case, it is undisputed that the City did not receive notice in accordance with Section 101.101(a) of the TTCA.[5] We, therefore, limit our analysis to the question of whether the City received actual notice under subsection (c) of Section 101.101.

"When actual-notice evidence is disputed, a fact question arises." *Worsdale*, 578 S.W.3d at 66 (citing *Tex. Dep't of Crim. Just. v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004). "When a jurisdictional fact issue is intertwined with the merits, the court cannot grant the plea, but when the jurisdictional issue is not intertwined with the merits, we must defer to the trial court's express or implied factual determinations that are supported by sufficient evidence." *Id.* (citing *Miranda*, 133 S.W.3d at 226–28).

[4]In her brief, Buchanan asserts that the City failed to conclusively establish that it did not have actual notice of the collision. This is an incorrect statement of the burden of proof. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012) (citing *Miranda*, 133 S.W.3d at 226).

[5]Buchanan did not controvert the affidavit of Boyd and does not argue on appeal that she provided timely formal notice of her claims pursuant to Section 101.101(a) of the TTCA. *See City of San Antonio v. Cervantes*, 521 S.W.3d 390, 395 (Tex. App.—San Antonio 2017, no pet.) (city lacked formal notice of plaintiff's claims allegedly resulting from motor-vehicle accident based on city claims manager's uncontroverted affidavit stating he reviewed notices of claims received by city, searched city's records for notice of plaintiff's claims, and found no timely, formal notice).

Here, the jurisdictional issue is not intertwined with the merits, and the evidence upon which the parties rely is undisputed. The parties only dispute whether the evidence is sufficient to show actual notice. We decide this issue as a matter of law, giving deference to the trial court's implied factual determinations that are supported by sufficient evidence. *Id.*[6]

For a governmental unit to have actual notice, "there must be subjective awareness connecting alleged governmental conduct to causation of an alleged injury to person or property in the manner ultimately asserted." *Id.* at 65. "[A]ctual notice exists only when the governmental unit has 'knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved.'" *Id.* at 63 (quoting *Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995) (per curiam)). This means "that a governmental unit [must] have knowledge that amounts to the same notice to which it is entitled by section 101.101(a)." *Tex. Dep't of Crim. Just. v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004), *superseded by statute on other grounds*, TEX. GOV'T CODE ANN. § 311.034.

To make this determination, we first look to Buchanan's live pleading at the time of the hearing on the City's plea to the jurisdiction. In her pleading, Buchanan alleged that she suffered personal injuries as a result of "a motor-vehicle collision on or about July 15, 2020, in Bogota [sic], Red River County, Texas." She alleged that "[t]he crash report was prepared by Bogata Police Department Investigator Ray Wade Hill" and that "David Lee Kays failed to keep a

---

[6]It is undisputed that the City is a governmental unit under the TTCA and is immune from Buchanan's suit unless the statutory waiver of immunity applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (defining "[g]overnmental unit" to include a city); *Miranda*, 133 S.W.3d at 224 ("sovereign immunity deprives a trial court of subject[-]matter jurisdiction . . . unless the [S]tate consents to suit"); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (discussing governmental immunity and statutory waiver of immunity under the TTCA).

7

proper look out, stopped, was inattentive, backed without safety, and collided into Plaintiff." Buchanan further alleged that "[t]he force of the collision caused [her] to suffer severe neck, back, and other bodily injury." She sought recovery for her injuries from the City based on the alleged negligence of its employee, Kays. We next examine the evidence to determine whether the City was aware that Buchanan was claiming the City was at fault in causing her injuries in the manner alleged in her lawsuit. *See Reyes*, 601 S.W.3d at 798.

A crash report of the accident was prepared by Ray Wade Hill. The report lists the accident date of July 15, 2020, and indicates that unit one, a 2009 red Chevrolet C2500 pickup truck, was operated by Kays. According to the report, unit two, a silver Jeep Cherokee, was operated by Swartz. There were three passengers in the Jeep, including backseat passenger Buchanan. Hill described the accident in his report as follows:

> UNIT ONE WAS TRAVELLING EAST ON 3RD NE ST WHILE PERFORMING ROAD WORK. UNIT TWO WAS TRAVELLING EAST BEHIND UNIT ONE. UNIT ONE STOPPED IN THE ROADWAY AND REVERSED AND STRUCK UNIT TWO. DRIVER OF UNIT TWO ADVISED SHE STOPPED AND HONKED THE HORN AND THE DRIVER OF UNIT ONE STILL CONTINUED BACK AND COLLIDED WITH HER VEHICLE.

The report attributed two contributing factors to unit one (in the investigator's opinion)[7] and no contributing factors to unit two. In the section of the report entitled "Injury Severity," Swartz and the three Jeep passengers, including Buchanan, were listed as having no injuries. Kays was also listed has having no injuries.

Even assuming the City—based on this report—had notice that an allegation of negligence could have been made against Kays for causing the accident, it does not provide

---

[7]The contributing factors are listed as "3" and "20." The report does not include a key to decode the contributing factors.

actual notice of Buchanan's claims to the City. Nothing in the report provides the City with notice (1) that Buchanan was injured and (2) that her injuries were caused by Kays's alleged negligence. In fact, the police report affirmatively indicates that Buchanan was not injured. As a result, the report does not provide "actual notice . . . that the claimant has received some injury . . . ." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c); *Worsdale*, 578 S.W.3d at 63 (actual notice requires knowledge of injury).[8]

Because the crash report does not impart information sufficient to provide the City with "subjective awareness connecting" Kays's alleged negligence to causation of Buchanan's alleged injuries "in the manner ultimately asserted" or otherwise, it is insufficient to provide the City with actual notice under the TTCA. *Worsdale*, 578 S.W.3d at 65, 72 ("mere knowledge that something happened somewhere to someone or something would hardly ever" constitute actual notice); *see Cervantes*, 521 S.W.3d at 395–97 (police report of car accident stating that property damage resulted from accident but that no injuries were sustained did not constitute actual notice of personal injury claim).

After having reviewed Wood's witness statement, the remaining piece of evidence on which Buchanan relies to establish actual notice in compliance with Section 101.101(c) of the TTCA, we reach the same conclusion. Wood's statement indicated that, although a City truck

---

[8]Buchanan relies on *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 861 (Tex. App.—Fort Worth 2010, pet. denied), in which the court found a letter sufficient for statutory notice under Section 101.101(a) of the TTCA. The court went on to say, *in dicta*, that, "even if the letter were not sufficient statutory notice, the evidence supports the conclusion that the City had actual notice of appellees' claims" based on a police report that failed to indicate any injury to the appellee. *Id.* at 861. We disagree with that conclusion. As our sister court observed, "A governmental unit receiving notice that an accident occurred and that it might be at fault for property damage does not enable the governmental unit to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial relating to claims of personal injury." *Oswalt v. Hale Cnty.*, No. 07-21-00050-CV, 2022 WL 93613, at *4 (Tex. App.—Amarillo, Jan. 10, 2022, no pet.) (mem. op.) (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam)).

"bumped into the car" behind it, the truck had its hazard lights on, "and because the car was so close behind the truck, it would not have been visible from the rear view mirror." And, after the police were finished at the scene, Wood stated, "The car drove off . . . and honked at [him] as they sped down the street." This statement is somewhat ambivalent regarding fault and does not recount any injuries to any of the Jeep's occupants, including Buchanan. As a result, we conclude that it did not provide the City with actual notice under the TTCA.

Because the City did not receive formal notice of Buchanan's claims in accordance with Section 101.101(a) of the TTCA, and because it did not have actual notice of her claims in accordance with Section 101.101(c) of the Act, we affirm the trial court's order granting the City's plea to the jurisdiction and dismissing the case for want of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a), (c).


                                        Scott E. Stevens
                                        Chief Justice


Date Submitted:     July 14, 2023
Date Decided:       August 4, 2023

10